**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GEOFFREY FULLILOVE,**<br>**individually and on behalf of all others similarly situated,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**PENHALL COMPANY**<br><br>***Defendant.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. ________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Geoffrey Fullilove ("Fullilove")—brings this action individually and on behalf of all other similarly situated employees (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendant—Penhall Company ("Penhall")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover unpaid compensation, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA"), and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19 to -36.

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA to recover overtime wages and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Penhall, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal and state law.

3. Although Plaintiff and the Putative Collective/Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Penhall knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for overtime compensation on a routine and regular basis.

5. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the NMMWA.

6. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

7. Plaintiff prays that all similarly situated Putative Collective/Class Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

8. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and that Plaintiff Fullilove be designated as the Class Representative.

## II.
## THE PARTIES

9. Plaintiff Geoffrey Fullilove was employed by Penhall in Texas and New Mexico during the relevant time period. Plaintiff Fullilove did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10. The FLSA Collective Members are those current and former salaried analysts who were employed by Penhall, anywhere in the United States, at any time from October 28, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fullilove worked and was paid.

11. The New Mexico Class Members include those current and former salaried analysts who were employed by Penhall in the State of New Mexico, at any time from October 28, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fullilove worked and was paid.

12. Defendant Penhall Company is a foreign for-profit corporation, licensed to and doing business in Texas, and can be served through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

[1] The written consent of Geoffrey Fullilove is hereby attached as Exhibit "A."

14. This Court has supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

15. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

16. This Court has general and specific personal jurisdiction over Penhall because its headquarters are located in Irving, Texas and because Plaintiff's claims arose within this Texas District as a direct result of Defendant's conduct within this District.

17. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Additionally, Penhall's principal place of business is in Irving, Texas and Plaintiff Fullilove worked for Penhall in and around Dallas, Texas all of which is located within this District and Division.

## IV.
## BACKGROUND FACTS

### Plaintiff Fullilove's Employment with Penhall

19. Penhall is a construction services company that operates across the United States.[2]

20. To provide its services, Penhall employed (and continue to employ) numerous salaried analysts—including Plaintiff and the Putative Collective/Class Members.

21. Plaintiff Fullilove has worked for Penhall as a GPR Analyst since approximately November 2023.

### Plaintiff and the Putative Collective/Class Members are Similarly Situated

---

[2] https://www.penhall.com/our-story/

22. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies of Penhall resulting in the complained of FLSA violations.

23. Plaintiff and the Putative Collective/Class Members were employed by Penhall as salaried analysts, who were not paid any overtime compensation for hours worked in excess of forty (40) hours each week.

24. Plaintiff and the Putative Collective/Class Members' job duties included: traveling to construction sites, x-raying or using other instruments to scan concrete or other hard surfaces to locate objects or utility lines, and providing a report of the scan to the customer.

25. Plaintiff and the Putative Collective/Class Members' job titles include GRP Analyst, Utility Locators, and X-Ray Technicians.

26. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

27. Although Plaintiff and the Putative Collective/Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime compensation for all hours worked in excess of forty (40) hours per workweek.

**Analysts Were Not Exempt From Overtime**

28. Penhall paid (and continues to pay) Plaintiff and the Putative Collective/Class Members a salary and classifies them as exempt from overtime under the FLSA.

29. Plaintiff and the Putative Collective/Class Members are (or were) ***non-exempt*** salaried analysts employed by Penhall during the relevant time-period.

30. None of the FLSA exemptions relieving a covered employer (such as Penhall) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

31. Moreover, Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Penhall resulting in the complained of FLSA and NMMWA violations.

32. Plaintiff and the Putative Collective/Class Members were all paid a salary but no overtime.

33. Plaintiff and the Putative Collective/Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Penhall.

34. Specifically, Plaintiff and the Putative Collective/Class Members' job duties consisted of traveling to job sites around the United States, scanning concrete or other hard surfaces, and creating a report outlining the findings of the scan.

35. Plaintiff and the Putative Collective/Class Members' job duties were largely controlled by set procedures for how to handle the scanning devices and what to include in their customer report.

36. Plaintiff and the Putative Collective/Class Members all perform the same primary duties nationwide regardless of their specific job title or location.

37. They abide by the same policies and procedures, regardless of their specific job title or location.

38. Plaintiff and the Putative Collective/Class Members do not perform work that is directly related to the management of general business operations of Penhall.

39. Instead, Plaintiff and the Putative Collective/Class Members perform work directly related to the production side of Penhall's business.

40. Plaintiff and the Putative Collective/Class Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

41. Plaintiff and the Putative Collective/Class Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

42. Plaintiff and the Putative Collective/Class Members do not customarily and regularly direct the work of two or more other employees.

43. Plaintiff and the Putative Collective/Class Members are not responsible for setting schedules or rates of pay.

44. Plaintiff and the Putative Collective/Class Members cannot deviate from Penhall's requirements or instructions without permission.

45. Plaintiff and the Putative Collective/Class Members typically worked (and continue to work) approximately forty-five (45) hours per week.

46. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

47. Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

48. Penhall denied Plaintiff and the Putative Collective/Class Members overtime pay as a result of a widely applicable, illegal pay practice.

49. Plaintiff and the Putative Collective/Class Members are non-exempt employees under the FLSA.

50. Although it is well-known that production-side workers like Plaintiff and the Putative Collective/Class Members are ***not*** exempt from overtime, Penhall did not pay Plaintiff and the Putative Collective/Class Members the additional overtime premium required by the FLSA and NMMWA for hours worked in excess of forty (40) in a workweek.

51. Penhall applied this pay practice despite clear and controlling law that states that the routine duties which were performed by Plaintiff and the Putative Collective/Class Members consisted of ***non-exempt*** work.

52. The decision by Penhall not to pay overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

53. Because Penhall did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Penhall's pay policies and practices violated (and continue to violate) the FLSA and NMMWA.

54. Penhall knowingly and deliberately misclassified Plaintiff and the Putative Collective/Class Members as exempt employees not entitled to overtime compensation.

55. Penhall willfully violated the FLSA by classifying salaried analysts as exempt from overtime while knowing that its salaried analysts did not qualify for any exemption to the FLSA's or NMMWA's overtime requirement.

56. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover all unpaid overtime, treble damages, and other damages owed under the NMMWA as a class action pursuant to Federal Rules of Civil Procedure 23.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

57. The preceding paragraphs are incorporated as though fully set forth herein.

58. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER SALARIED ANALYSTS WHO WERE EMPLOYED BY PENHALL COMPANY, ANYWHERE IN THE UNITED**

**STATES, AT ANY TIME FROM OCTOBER 28, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

59. At all material times, Penhall has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

60. At all material times, Penhall has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

61. At all material times, Penhall has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. Specifically, Penhall operates on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

63. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Penhall, these individuals provided services for Penhall that involved interstate commerce for purposes of the FLSA.

64. In performing work for Penhall, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who assisted Penhall's customers while operating machinery manufactured and designed out of state. 29 U.S.C. § 203(j).

66. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

67. The proposed class of similarly situated employees—that is, FLSA Collective Members—sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 58.

68. The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee and personnel records of Penhall.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

69. Penhall has violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

70. Moreover, Penhall knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

71. Penhall knew or should have known its pay practices were in violation of the FLSA.

72. Penhall is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

73. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Penhall to pay them according to the law.

74. The decisions and practices by Penhall to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked was neither reasonable nor done in good faith.

75. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf Penhall's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

78. Other similarly situated employees of Penhall have been victimized by Penhall's patterns, practices, and policies, which are in willful violation of the FLSA.

79. The FLSA Collective Members are defined in Paragraph 58.

80. Penhall's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Penhall, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

81. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

82. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

83. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

84. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Penhall will retain the proceeds of their rampant violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

87. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 58 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the NMMWA)**

## A. NMMWA COVERAGE

88. All previous paragraphs are incorporated as though fully set forth herein.

89. The "New Mexico Class" and "New Mexico Class Members" are defined as:

**ALL CURRENT AND FORMER SALARIED ANALYSTS WHO WERE EMPLOYED BY PENHALL COMPANY, IN THE STATE OF NEW MEXICO, AT ANY TIME FROM OCTOBER 28, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

90. At all material times, Penhall has been an employer within the meaning of the NMMWA.

91. At all material times, Plaintiff Fullilove and the New Mexico Class Members have been employees within the meaning of the NMMWA.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA

92. All previous paragraphs are incorporated as though fully set forth herein.

93. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

94. Plaintiff Fullilove and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

95. Plaintiff Fullilove and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Penhall violated the NMMWA by failing to pay Plaintiff Fullilove and other class members any overtime premium for hours worked over forty (40) per week.

96. Plaintiff Fullilove and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Penhall's acts or omissions as described herein; though Penhall are in possession and control of necessary documents and information from which Plaintiff Fullilove and the NMMWA Class Members would be able to precisely calculate damages.

97. In violating the NMMWA, Penhall acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

98. The proposed class of employees—that is, putative class members sought to be certified—pursuant to the NMMWA is defined in Paragraph 89.

99. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Penhall.

**C. NMMWA CLASS ALLEGATIONS**

100. Plaintiff Fullilove brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Penhall to work in New Mexico since October 28, 2022.

101. Class action treatment of Plaintiff Fullilove's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

102. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

103. Plaintiff Fullilove's New Mexico state-law claims share common questions of law and fact with the claims of the New Mexico Class Members.

104. Plaintiff Fullilove is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

105. Plaintiff Fullilove and his counsel will fairly and adequately represent the class members and their interests.

106. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107. Accordingly, the New Mexico Class should be certified as in Paragraph 89.

## VI.
## RELIEF SOUGHT

108. Plaintiff respectfully prays for judgment against Penhall as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 58 and requiring Penhall to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the NMMWA Class as defined in Paragraph 89, and designating Plaintiff Fullilove as Representative of the NMMWA Class;

c. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to § 16(b) of the FLSA finding Penhall liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Fullilove a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Penhall, at Penhall's expense, should discovery prove inadequate; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 28, 2025 Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**Maureen Villarreal**
Texas Bar No. 24046891
Maureen@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective/Class Members***